Thank you, Your Honor. May it please the Court. My name is Phil Brennan. I am here representing Mr. Thompson, who is the defendant and the appellant below. I would ask the Court that I be allowed three minutes of rebuttal time. I'm going to focus this morning on the second aspect of the appeal brief that we submitted, which is involving concurrency. The question in that brief is simply whether the district court erred in failing to rule one way or the other on whether the federal sentence should be concurrent or consecutive to the forthcoming and anticipated state court sentences. Now, to answer that question, we have to ask, what is the standard of review? And in considering the standard of review, I think we should consider four facts that are undisputed. First, the defendant repeatedly asked the Court to run the sentence concurrent, meaning run the federal sentence concurrent to the forthcoming state court sentences. Second, the district court initially said yes, or said it would consider that as a recommendation. In other words, it was inclined to follow our request. Third, when the Court asked the prosecutor or the government what its view of was with regard to concurrency, the government said the Court should remain silent. Fourth, immediately thereafter, the district court followed the government's recommendation and decided to remain silent on the issue. With that backdrop, we ask, what is the standard of review? We maintain that the standard of review is de novo, because there was a legal error. And, in fact, it seems to be a confusion from the district court as to what precisely we were asking the court to do. And I ask this Court to focus on the district court's views. Oh, that sounds a little different than I understood your argument in the briefs. I understood your argument in the briefs to be that the district court didn't realize that it had authority to run them concurrently. But that's not exactly the way you were framing it this morning. In fact, what you said earlier this morning, I mean, it sounds like, you know, it was definitely before the district court. So is your position today that the district court didn't realize that it could run them concurrently or that the district court had to run them, had to choose one way or the other? Do you think the district court could have done what it did here and made it, if it made, assuming it made a decision, that it could have made a decision to not decide the issue? Is that allowed? I don't think so, Your Honor. I think if the court is going to decide it's not going to decide, I think it needs to run through the 3553 factors and explain why it's not deciding. So just to be clear, it could do that, though, you think? I mean, I understand that your position is that it didn't do it properly. But your position, do you agree that it could decide not to decide as long as it did so properly? I think the Setzer case says there are some examples when it could decide not to reach that. But Setzer makes it sound like if there are some unknown variables that aren't within the court's grasp. What's the case that tells us that the district court has to run through the sentencing factors to decide not to decide? Well, I think 35, the statute, which is 18 U.S.C. 3584B, talks about the 3553 factors that the court runs through when it's making a decision as to whether to run it concurrent or consecutive. So I think by default, the 3553 factors should come into play if the court is not going to address it, that is a default result is that it's going to be a consecutive sentence. And have any circuits reached that conclusion? Have any circuits reached the conclusion that you're advocating?  Have any circuits reached the conclusion that you're advocating? I mean, I know we haven't. I'm not aware of any, Your Honor. Okay. But I think the implications here are so tremendous that think about this case. If the district court is not going to rule on the issue, then according to the government, by default, that means it's consecutive. And if the court, district court. Make sure I understand how that works. Is it consecutive even if the state court was to say that its sentence should run concurrently? I think so because right now, Mr. Thompson is in state custody. So he is sitting in Pierce County Jail. And even if the district, even if the state court says that it's going to run concurrent to the federal sentence, the problem is he's sitting in state custody. So what happens when he finishes his state sentence and comes back to the federal court? What we do, according to the government's briefing, is we look at the judgment. It's silent on the issue of concurrency or consecutive, which means by default it's consecutive, meaning all that time he spent in state court is not being credited towards his federal sentence. That's precisely what I was concerned about in the district court, which is why I asked the court to rule on the issue. And the way the district court judge settled. Your position is that it wasn't given the way things were likely to happen where you would end up in state, your client would end up in state custody, that there was no real way for the federal court to kick the issue to the state court or to defer the issue and let the state court, because the state court would not be able to make the decision because he would be in state custody. Exactly. And also, I think it's not, the judge said he'll use the term recommendation. And I think that's the term that illustrates the legal error here. It's not a recommendation that the federal court run the sentence concurrent or consecutive. It's an actual decision. Because if the judge says, for example, Judge Settle says, based on the 3553 factors, I'm going to run it concurrent to any forthcoming state court sentence, that's not a recommendation to the state court, because the state court, quite frankly, doesn't care what the judge does or it's not impacting what the state court decides to do. If Judge Settle says the federal sentence is going to be concurrent to the forthcoming state court sentence, that's not a recommendation. That's an actual decision, which is what we're asking the court to do. It seemed like Judge Settle thought that by making this recommendation, it was stepping on the proverbial toes of the state court, and that's not the situation here. Setzer tells us that, Judge, you actually have the right to make a decision, and my position is when you're making that decision, you should consider the 3553 factors. But one other point I want to make is consider the sentence that was given to Mr. Thompson. Recall that the sentencing guidelines were 30 years to life. The government was asking for 45 years. Judge Settle gave him 28 years. Now, think about that. Did Judge Settle want, by default, his sentence to run consecutive to the state court sentences? That doesn't make sense, because he actually went through the 3553 factors with regard to the large sentence, the production sentence. He rattled off all the factors, and he did an excellent job of that, and he said this is a serious offense. It impacts the victims. That's the bad part for Mr. Thompson. But the good part for Mr. Thompson is his ACES score, which was 9 out of 10. And in the transcript, Judge Settle says, I've only seen one other defendant in this court with a 9 out of 10 score, and I've never seen anybody with a 10. So I'm going to give you credit for the horrible background you had as a child, and I'm going to sentence you to 28 years. So now let's think about that. The implication, according to the government, is that even though Judge Settle sentenced my client to 28 years, in fact, it's really a life sentence, because it's going to be consecutive to the state court. So, Your Honors, I'm asking the court to send this case back to Judge Settle for the very simple inquiry, which I think I'm going to win in the district court, which is, should the sentence, the Federal sentence, be concurrent or consecutive to the state court sentences? Please sit down. Judge Hamilton, do you have any questions? I think it's been addressed. Okay. Okay. Well, you know what? Actually, I just have one more question, which is, I mean, in your view, are there any circumstances outside of the one that was presented in Setzer where a district court could forbear? Or is that it? I mean, is that case somehow, I don't know, unique in that way? I think Setzer really showed the power of the district court to make decisions, because recall in Setzer the question was, well, should we defer it to the BOP? Should we defer it to the state court? And Setzer said, historically district courts have had the power to make that decision. They have the power to do that, but very often a judge will decide just to defer to whoever has the later decision, right? Yes, Your Honor, but in this case. And we expect state courts to give that kind of deference to Federal courts, right? Right. So what's wrong with this approach? Think about it. We're deferring to perhaps the BOP or the state court to decide whether the time that he's spending in state court and the time he's spending away from Federal court should run together. Well, somebody has to. Either judge can make that decision, right? Right. And if Judge Settle had said, I'm going to run it consecutive because this is a horrendous crime, then I'd be coming here in front of this panel saying it was an abuse of discretion. I'm not doing that, though, because, first of all, he didn't explain why it was by default consecutive. Second of all, I don't think that's what he intended. I think if you look at that transcript, there's only one conclusion you can have, which is Judge Settle did not want Mr. Thompson to die in Federal prison. And I think by implication, sending this case to him. Thompson may very well have earned the right to die in state prison, right? Correct. He has quite a record. Correct. And it would not, I don't, I guess I have trouble seeing what's unreasonable about a Federal judge deferring to the state courts under those circumstances. Well, because if you look at Judge Settle's decision to sentence him to 28 years, that's not what he was wanting. Judge Settle was very compassionate when it came to Mr. Thompson. He could have thrown the book at him and sent him away for life. He didn't. And I think he looked at his background as a child. That's one. I'll make sure you have time for it. But that's one inference. The other inference you could draw is that Judge Settle recognized that these sentences might run consecutively and, therefore, gave him a lighter Federal sentence. I mean, that's the other inference you could draw from that. It's difficult for us to know which inference to draw, right? Your Honor, I think if it's difficult, then I think this case would be set back for a very quick hearing on a very simple If we look at Judge Settle's ruling, it's really a sentence or two. And the government's explanation for why it wants to remain silent is even less than a sentence. So I think elaboration on remand would be appropriate. All right. We'll hear from the government, and we'll make sure we give you a couple minutes for rebuttal.  Thank you. Good morning, Your Honors. May it please the Court, Michael Morgan for the United States. Unless the Court has any questions about the mandatory minimum sentence, I will focus my attention on the consecutive concurrent issue before the Court. If I could, I would like to ask you briefly about the mandatory sentence. And that is, you addressed fairly briefly in your brief the scenarios case. Yes. And I was wondering, that struck me as kind of the simplest path, with all the complications with the different definitions that have been coming and going. Would you be comfortable with an analysis that relied primarily on scenarios? I agree, Your Honor, that the simplest path for upholding the mandatory minimum is to apply the generic definition that we have characterized in our briefing as the abusive sexual conduct variant of sexual abuse, which is just the three elements of sexual conduct with a minor that is abusive. And under this Court's precedence, all three of those are categorically matched by the Washington statute. So that is definitely the most straightforward way. And with a little flexibility from the relating to phrase. And there is the flexibility, but I don't believe that we need it. But, yes, there is that flexibility in this case as well. This is the, what could also be called the Medina Villa definition? Yes, the Medina Villa versus the Esplanade.  Right, however you choose to divvy those up. I'm just trying to suggest that scenarios might be a cleaner path than trying to choose between Medina Villa and Estrada. I agree. I think scenarios actually is the Medina Villa analysis with the relating to kicker. With regard to the concurrent or consecutive issue, the defense's argument is a bit of a moving target and it affects the standard of review, I think. If the issue is whether or not the Court had to decide, like it had no discretion not to decide, if that's the claim, I think that claim would be reviewable with plain error. Because below, the defense never argued to the Court that you must decide. They asked for a concurrent sentence, but they never said you have to decide. If the defendant thought that the Court was making a legal mistake by not making a decision, it should have alerted the Court to that fact instead of trying to sandbag the Court on appeal, saying that the Court misunderstood the law. If the claim is simply you should have imposed a concurrent sentence, well, that would be reviewed for abusive discretion, because that's just the normal standard of review for whether or not you should run a sentence concurrently or consecutively, or not at all in this case. So I think it's just important to try to focus on what exactly is the claim. And if the claim is that the district court misunderstood the law, well, the first answer is the transcript of the colloquy, everyone seemed to understand the Court had discretion to order a concurrent sentence. I mean, the entire sentencing was litigated on that premise, and the Court just declined to do so, which Setzer makes very clear is within its discretion. And so I think all that makes sense. I mean, as I understand the argument that he's making this morning is just because of the way it's going to work here that he's going to go into, he's likely probably to serve his State sentence first. In some ways, is it true that then it's impossible for the State to do anything about whether it's consecutive or concurrent because, you know, let's say he serves 20 years. He serves 20 years in State court or State prison, and then he gets out, and the feds take him, and then if he's, then even if the State was to say, well, that 20 years is concurrent with the federal sentence, if the feds, if the federal system doesn't say that it's concurrent, then he's going to serve 28 more years. Is that right? And so in some ways, if that's correct, then a judge thinking that, oh, well, he could get, that I'll kick this to the, I'm going to defer to the State court to make the decision is not really correct, right, because it's just the way it's going to, it's likely going to work out. Well, I think it winds up being an interplay of a couple of things. It's like who has primary jurisdiction, so which sentence is going to run first, and also not only how the Federal Bureau of Prisons is going to calculate the sentence, but also how the State is going to implement its State sentence. So I think, for example, let's hypothesize that in our case, the district court expressly ordered its sentence to run consecutively. So we know how BOP is going to calculate that. They are going to not run that sentence until the State sentence is finished. That's just how BOP will calculate it. That's if he's in State custody first. That's if he's in State custody first. If he was in Federal custody first, in some ways, you know, BOP could have him there for 28 years, whatever time it turns out, and they let him out, and they can't be like, you have to now take him State if the State wanted it to run. So it's kind of like the second in time gets to make the decision. Well, I mean, oddly enough, and I don't profess to be an expert at all the BOP's regulations for this, but I did look at them. And my understanding is that even if he's in Federal custody first, and so there's a pending State sentence out there, but he was in Federal custody first, and the Federal judge says, I'm going to run this consecutive to the State sentence, BOP, once the State sentence is imposed, will ship him out to the State to implement the Federal sentence. So that is how the BOP regulations will work. They will implement the Federal sentence that is imposed. The more complicated the Federal sentence in what? They will implement the Federal sentence that the district court imposed. So if the district court imposes a sentence consecutive to an anticipated State sentence, even if the Federal sentence is first, which is actually our case here, because for Pierce County, the order is King County, Federal, Pierce County. A lurking issue here is that he's actually still technically in custody in King County because there's an indeterminate sentence that's still hanging out there. So he's not actually in Federal custody yet and may never be in Federal custody unless the indeterminate sentencing board in Washington State determines or decides to terminate the indeterminate sentence from the 2016 case. So in a way, a lot of this is academic. But take that case to the side. If we're just talking about the Pierce County case, if the Federal court imposed a consecutive sentence and the State court imposed a concurrent sentence, say, then what the Federal court will do would be to ship the BOP will ship him to State court to serve his State sentence, and then he will come back to Federal court to serve the consecutive sentence, to implement the sentence that BOP imposed. So that's how practically this would work. And that's how practically this will work in the current scenario because the district court deferred imposing sentence. So given the way you just described it, the last part there, he's going to go to the State and then he's going to do the rest of his Federal sentence, right, when he comes back. Then there's really nothing for the State, there's nothing to defer to as far as what the State decides because if the State decides, even if the State was to say he's got a 20, he's going to spend 20 years first in State, and we think that should run consecutive. If the Feds decided that he was going to run, that no, it needs to run, our sentence needs to run, sorry, the State said it should run concurrent and the Feds said we need to run it consecutive, then he's going to serve 28 more, he's going to spend 28 more years in Federal prison after a State prison because it will be up to the Feds to decide whether, it won't be up to the State, it will be up to the BOP, right? Well, no, it would not be up to BOP in that circumstance. In that circumstance, I believe it would be a result of the default rule in 3584A that if you have multiple sentences of imprisonment imposed at different times, they run consecutively unless the Court orders differently. So to be clear, so I get it, but my point is it won't be up to a State, it won't be up to the State. So if we think the judge was trying to defer to the State, I think your counsel and your side's argument is, well, that's just wrong because it's just as a practical matter, in this circumstance where he's going to serve a State sentence first and then serve, there will never be a situation of deferring to the State because of the fact that there will be a decision made, and you're saying it will be made by virtue of the rules, not by the BOP, but by the Federal rule, the Federal rule will decide that he's got to serve it consecutively even if the State was to make a decision that it should be concurrent. But I would point out, I mean, I would point out to Your Honor that every circuit to consider the issue has found that a court has discretion to defer in this very circumstance. There's actually a case from the Seventh Circuit. I don't think you're getting a lot of pushback on that, from me at least, but the question is defer. There's nothing really deferring. As I'm understanding it, the way I'm explaining it, there's nothing deferring because as soon as the judge decides not to decide by virtue of the fact that there's a rule that says that they'll run consecutively and that's what will decide it, then essentially not making a decision is making a decision to run consecutively. And there's probably nothing wrong with that unless the judge, and as I understand your colleague on the other side is saying, yeah, but that's not what the judge here thought he was doing. And I guess my only response to that would be I have a difficult time understanding that Judge Settle did not know what he was doing because he was pressed repeatedly to order a concurrent sentence and didn't. So, I mean, we're trying to impute, I mean, the defense is trying to impute to the judge an ignorance of the law, and that's the presumption that's exactly backwards. We presume the district courts understand the law and know the law, absent some, you know, record-based reason to think the court didn't. And I just don't think looking at this record, and especially the way this hearing was litigated, that we can say the district court was ignorant of the fact that it had discretion to impose a concurrent sentence and did not.  Let me make sure my colleagues, see if they have any other questions. Okay. We'll hear a couple of minutes for the other side. Thank you, Your Honor. Thank you. Thank you, Your Honor. Judge Van Dyke, I think, phrased it perfectly. The scenario Your Honor gave is exactly what I'm concerned of. Okay. So, and their response is, I suppose, but we'd have to assume that the district court judge didn't know what he was doing, so it's a little bit of the opposite of the presumption of regularity. And so, I think your point is, if the district court judge decides not to decide, as a practical matter, in this certain circumstance at least, the district court judge is sentencing my client, I always get these words wrong, concurrently, consecutively. And I think that only helps you if we assume that the district court judge meant to do something different. If the district court judge is like, yeah, that's right, I was sensing him consecutively, but I didn't want to say it because I was just going to, like, leave it to the rule to do that. Is that not permitted, to leave it to the rule if we had a crystal ball and knew that's what the judge was trying to do? I have a real hard time with that, given the magnitude of the consequence of not doing anything. As your Honor said earlier, deciding not to decide is essentially deciding consecutive in a roundabout way. That's not what this transcript tells us. That is not what Judge Settle wanted to do. And, in fact, the government, you know, the government didn't even explain why it wanted to be silent on this, and I'm not alleging anything nefarious by the  But as your Honor noted, if he spends 20 years in Pierce County, the clock is going to restart and he's going to start his 28 years all over again. And that's not what Judge Settle wanted. And if that's what Judge Settle wanted, then he could have said consecutive or rattled off the 35, the 3553 factors as to explain why. And, again, that's not it. Judge Hamilton says, well, maybe Mr. Thompson deserved this. I would ask for a remand to clarify that, because that's not what I'm reading in the transcript. Mr. Brennan, can I ask you to address the government's plain error point on the, with respect to the argument that you're making this morning? Well, what the government is saying that is, that I should have emphatically told the judge, your Honor, by default you are having a consecutive sentence, and perhaps that is true. Again, I question the party that brought this up was the government. The judge was inclined to go with my recommendation, and the government said in one sentence, let's not do this. It's interesting that the government doesn't elaborate in district court as to why it's wanting the judge to do that. But even with a plain error standard, the question is, was there error? And I think I've established the reason there is. And second of all, substantial. I mean, this man's life is pretty much over in terms of his chance for liberty by virtue of this. So I think any of these standards we prevail on, because there is error and it's substantial. So we're asking, again, your Honors, to send this back to Judge Settle for what I think would be a 30-minute hearing on a very brief issue. Thank you, Your Honor. Thank you to both counsel. I appreciate your helpful argument this morning, and this case is now submitted.
judges: Hamilton, VANDYKE, THOMAS